## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## CHATTANOOGA DIVISION

LORI HALL,                    )

                              )

        Plaintiff,         )

                              )

vs.                         )      No.:

                              )

WHIRLPOOL CORPORATION,  )

                              )

        Defendant.      )

## **COMPLAINT**

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendant and alleges the following:

1.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1367.

2.      Defendant is a Delaware corporation with its principal address at 2000 N M 63, Benton Harbor, Michigan, 49022. Its registered agent for service of process is Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee, 37203.

3.      Defendant owns and operates a plant located at 2525 Benton Pike NE Cleveland, Tennessee.

4.      Plaintiff was employed by Defendant as an assembly production worker at its plant in Cleveland, Tennessee from approximately February 8, 2021 until August 2, 2021.

5.      Defendant agreed to pay Plaintiff an hourly rate for her work, and Plaintiff recorded her work time by clocking in and out on a time recording device.

6.      Plaintiff routinely worked overtime hours of more than 40 hours per workweek, but was not paid overtime wages of one and one-half times her regular rate for all overtime hours

worked.

7.      More specifically, Plaintiff routinely clocked in and performed work well before the beginning of her regularly-scheduled shift, but Defendant failed to compensate Plaintiff for these overtime hours.

### Count 1—Violation of Fair Labor Standards Act—Overtime Violations

8.      Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-7 above.

9.      Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

10.     Plaintiff was an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA.

11.     Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA.  Defendant has annual gross volume of sales which exceed $500,000.00.

12.     The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

13.     Pursuant to Section 207(a)(1) of the FLSA, Defendant was required to pay Plaintiff overtime pay at a rate of one and one-half times her regular rate of pay for all hours worked over 40 during a workweek.

14.     Defendant's failure to pay Plaintiff overtime wages of one and one-half times her regular rate of pay for all overtime hours worked is a violation of Section 207(a)(1) of the FLSA.

15.     Pursuant to Section 216(b) of the FLSA, Defendant is liable to Plaintiff for overtime back pay.

16.     In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is

also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

17.     Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## Count 2—Breach of Contract Under Tennessee State Law

18.     Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-17 above.

19.     Defendant's agreement to pay Plaintiff an hourly rate for his work while she was employed by Defendant was an enforceable contract under Tennessee law.

20.     By failing to pay Plaintiff for all of her work hours, Defendant breached its contract with Plaintiff.

21.     As a result of Defendant's breach of contract, Plaintiff sustained and is entitled to recover damages amounting to the regular wages she failed to receive for her work hours—in addition to the overtime wages she is owed pursuant to the FLSA—at her agreed-upon hourly rate.

## Prayer for Relief

WHEREFORE, Plaintiff prays for a judgment against Defendant for damages that include the following:

(a)  overtime back pay;

(b) liquidated damages in an amount equal to her overtime back pay;

(c) unpaid regular wages as damages resulting from Defendant's breach of contract;

(d)  interest;

(e)  reasonable attorney's fees and costs; and

(f)  all other general legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr. (TN 013839)
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

/s/ John McCown
John McCown (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff